UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ANDREW STAEHLE,

              Plaintiff,

    v.

JPMORGAN CHASE & CO. dba
JPMORGAN CHASE BANK, NA /
JPMCB CARD SERVICES,

              Defendant.

Case No. 3:25-cv-00687-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    *Pro se* plaintiff Andrew Staehle brought suit against defendant JP Morgan Chase Bank, N.A. ("Chase") in Multnomah County Circuit Court alleging a single claim under the federal Fair Debt Collection Practices Act ("FDCPA"), and Chase properly removed the case to this court under 28 U.S.C. § 1331. Currently pending before the court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff has not filed a response to defendant's motion to dismiss, although circumstances indicate he was made aware of the motion and provided the opportunity to respond: the certificate of conferral indicates that defense counsel conferred with plaintiff about the motion, a certificate of service shows that a copy of the motion was mailed to plaintiff, and the court issued a notice to

plaintiff indicating that no response had been filed within the 14-day deadline and that the motion was being taken under advisement. Moreover, shortly after the case was filed, the court provided plaintiff with a Notice to Self-Represented Litigants admonishing that "[d]eadlines are important" and "[y]ou must comply with them" and "[r]equest an extension of time prior to the expiration of a deadline." ECF 3. Plaintiff's failure to respond to the motion could be viewed as a concession on the merits.[1]

Nevertheless, defendant's motion is meritorious. Plaintiff alleges that defendant was attempting to collect its own debt. Therefore, plaintiff has failed to allege that defendant is a debt collector, one of the necessary elements of an FDCPA claim. *See Marlin v. Chase Cardmember Servs.*, No. 1:09-CV-192 AWI DLB, 2009 WL 2043014, at *3 (E.D. Cal. July 13, 2009) ("Since the allegations show that Chase was trying to collect on its own debt, the complaint shows that Chase is not a debt collector; therefore, Chase is not subject to liability under the FDCPA.")[2]

---

[1] *See Lykins v. Hohnbaum*, No. CIV. 01-63-JO, 2002 WL 32783973, at *3 (D. Or. Feb. 22, 2002) (finding plaintiff conceded dismissal of a claim by not addressing it on a motion for summary judgment); *Ward v. Nat'l Entm't Collectibles Ass'n, Inc.*, No. CV11-06358-MMM(CWx), 2012 WL 12885073, at *10 (C.D. Cal. Oct. 29, 2012) (holding that by failing to oppose defendants' motion for summary judgment on damages claim, plaintiff abandoned the right to seek such damages); *Bolbol v. City of Daly City*, 754 F.Supp.2d 1095, 1115 (N.D. Cal. 2010) ("[P]laintiff fails to address this issue in her opposition brief and apparently concedes that she may not proceed on this claim. Accordingly, the court grants summary judgment in favor of defendants as to this claim"); *Ankele v. Hambrick*, 286 F.Supp.2d 485, 496 (E.D. Pa. 2003) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it. Therefore, summary judgment is appropriate.").

[2] *See also Khan v. Chase Card*, No. 18-02396-RGK-KSX, 2018 WL 6164310, at *1 (C.D. Cal. Aug. 1, 2018) ("Chase's efforts to collect debts owed to itself do not make Chase a debt collector under the FDCPA."); *Yagman v. JP Morgan Chase Bank, N.A.*, No. 2:11-CV-8427-ODWMANX, 2012 WL 999835, at *4 (C.D. Cal. Mar. 19, 2012) ("Plaintiff's conclusory statements that JPMorgan Chase is a debt collector will not suffice. Case law indicates the opposite is true, and strongly suggests that Plaintiff's claims are frivolous."); *Showalter v. Chase Manhattan/Providian*, No. C 05-00548 WHA, 2005 WL 2000943, at *2 (N.D. Cal. Aug. 19, 2005) (recognizing that under the FDCPA, "creditors" who collect in their own name are not "debt collectors" and finding Chase was not debt collector).

Moreover, to the extent plaintiff tries to implicate defendant for the actions of Mandarich Law Group, "[f]ederal courts have held that creditors who are not themselves 'debt collectors' may not be vicariously liable under the FDCPA for the actions of the 'debt collectors' whom they hire." *Id.* (citing cases). Because amendment would be futile, dismissal with prejudice is the appropriate remedy.[3]

## ORDER

Defendant's Request for Judicial Notice and Incorporation by Reference (ECF 6) and Motion to Dismiss (ECF 5) are granted, and this case is dismissed with prejudice.

DATED  June 5, 2025.


/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

---

[3] *See Quinones v. Chase Bank USA, N.A.*, No. 09CV2748-LAB (RBB), 2010 WL 2630017, at *1 (S.D. Cal. June 28, 2010) (finding "Plaintiffs plead no facts, however, to establish that Chase wasn't attempting to collect its own debt when it contacted them," and dismissing case with prejudice).